# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MITCHELL L. WILLIAMS                                                                    PETITIONER
ADC #84270

V.                              NO. 5:13CV00209 DPM/JTR

RAY HOBBS, Director,                                                                    RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Mitchell L. Williams, an inmate in the Arkansas Department of Correction. *Docs. 2 & 5.* Respondent has filed a Response and supporting exhibits, *Docs. 8 & 9*, and Petitioner has filed a Reply, *Doc. 17*. Thus, the

issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the procedural history of the case.

On January 31, 2012, Petitioner appeared in Jackson County Circuit Court and entered *nolo contendere* pleas to: (1) two counts of possession of drug paraphernalia with intent to use; and (2) one count of possession of a controlled substance (marijuana), second offense. *Doc. 5*, at 21-28, 50-59. He was sentenced, as a habitual offender, to 240 months of imprisonment. Because his pleas were unconditional, Petitioner waived his right to a direct appeal. *Id.* at 22; *see* Ark. R. App. P.-Crim 1(a); Ark. R. Crim. P. 24.3(b) (2012).

On April 17, 2012, Petitioner filed a *pro se* petition for post-conviction relief under Ark. R. Crim. P. 37. *Doc. 5*, at 37-44. In his petition, he argued that: (a) his trial attorney disregarded Petitioner's Sixth Amendment right to the effective assistance of counsel, acted on behalf of the prosecution, forced Petitioner to accept a plea, and was "intoxicated half of the time"; (b) if counsel had exercised diligence, Petitioner could have gotten a lesser sentence; (c) a "conflict of interest" existed between Petitioner and his attorney; and (d) Petitioner was denied due process of law because his attorney forced him to accept a plea by "threatening" him with statements that led him to believe he would never get out of prison. *Id.* at 41-43.

On October 30, 2012, the trial court entered an order denying Petitioner's Rule 37 petition. *Doc. 9-1*. The trial court held that: (a) Petitioner knowingly, intelligently and voluntarily entered his pleas; (b) he failed to substantiate his claim that counsel was ineffective and that prejudice resulted; (c) no conflict of interest existed because Petitioner's attorney did not represent any of Petitioner's co-defendants; and (d) Petitioner failed to substantiate his due process claim with any factual allegations.

On November 21, 2012, Petitioner filed a notice of appeal of the denial of his Rule 37 petition. *Doc. 9-2*. Under Arkansas's procedural rules, he had ninety days, until February 19, 2013, to file the record with the clerk of the appellate court. *See* Ark. R. App. P.-Crim. 4(b).

On February 6, 2013, the circuit clerk wrote Petitioner a letter informing him that: (a) his "appeal transcript" was ready to be picked up; (b) he had not been granted *in forma pauperis* status;[1] and (c) the transcript would be released upon payment of the $52.20 cost. *Doc. 5*, at 34.

Petitioner did not file the record with the Arkansas Supreme Court by the

---

[1]On November 21, 2012, the circuit clerk wrote a letter to Petitioner stating that she had received his notice of appeal, along with an Affidavit in Support of Request to Proceed *In Forma Pauperis*. The clerk stated that she would forward the affidavit to the judge, who would "have to sign an order for you to be able to proceed *in forma pauperis*." *Doc. 5*, at 33. The clerk's February 6, 2013 letter stated that because the judge "never signed the order for you to proceed *in forma pauperis*," Petitioner was required to pay the charge for the transcript. *Id.* at 34.

February 19, 2013 deadline. On April 30, 2013, he filed a *pro se* motion requesting the Court to allow him to file the record belatedly and proceed with his appeal of the trial court's denial of his Rule 37 petition. He asserted that he had not met the deadline for filing the record because of: (a) his indigency, *pro se* status, and inability to find a family member to secure the transcript before the deadline; and (b) the "lateness of the Clerk preparing the record and the timing of the Court's ruling" on his *in forma pauperis* status. *Doc. 5*, at 30-32.

On May 23, 2013, the Arkansas Supreme Court entered a "Formal Order" summarily denying Petitioner's motion, which it treated as a motion for rule on the clerk. *Doc. 9-3*. *See* Ark. R. App. P.-Crim. 2(e) ("The Supreme Court may act upon and decide a case in which ... the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit."); *Lewis v. State*, 2012 Ark. 255, *2-*3, 423 S.W.3d 16, 18 (if the trial record is not timely filed in the appeal of the denial of post-conviction relief, then the petitioner may file a motion for rule on clerk under Rule 2(e), attempting to show "good cause").

On July 8, 2013 Petitioner initiated this § 2254 habeas action. *Docs. 1 & 2*. This Court ordered Petitioner to file an Amended Petition setting forth specific facts in support of his claims. *Doc. 3*.

On July 26, 2013, Petitioner filed an Amended § 2254 Petition. *Doc. 5*. In his

habeas papers, he argues that: (a) his attorney was ineffective because he continued to represent Petitioner at his plea hearing after filing, the day before the hearing, a motion for continuance and to be relieved as counsel due to lack of communication; (b) the state post-conviction court misconstrued Petitioner's "conflict of interest" claim as one based on multiple representation rather than lack of communication and animosity between counsel and Petitioner; and (c) Petitioner was denied due process and his constitutional right to counsel because his attorney orally withdrew his motion for continuance on the day of the plea hearing, leaving Petitioner with "stand-in" counsel who was not acting in his best interests. *Doc. 5*, at 1-3, 10-13; *Doc. 17*, at 9-14.

Respondent argues that: (a) Petitioner's claims are conclusory and fail to state constitutional violations; (b) his claims are procedurally defaulted; and (c) the trial court reasonably adjudicated the claims in Petitioner's Rule 37 proceeding.

For the reasons discussed below, the Court concludes that, because Petitioner has procedurally defaulted all of his habeas claims, this action should be dismissed.[2]

## II. Discussion

Before seeking federal habeas review, a state prisoner must first "exhaus[t] the

---

[2]Thus, the Court need not reach Respondent's other arguments for dismissal.

remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), thereby affording the state courts "the first opportunity to address and correct alleged violations of [the] prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To meet the exhaustion requirement, a prisoner must present his claims through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, to fully exhaust claims raised in a state post-conviction petition, a prisoner must appeal the denial of that petition to the state's highest court. *Armstrong v. Iowa*, 418 F.3d 924, 925-26 (8th Cir. 2005).

However, if the state courts decline to review a claim because the prisoner has failed to comply with "independent and adequate" state procedural rules for presenting it,[3] the claim is procedurally defaulted. *Coleman*, 501 U.S. at 729-30, 750. When a procedural default occurs, federal habeas review of the claim is barred unless the prisoner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice. *Id.* at 750.

In his Rule 37 petition, Petitioner presented the same claims that he asserts in this § 2254 habeas action. Although the trial court addressed the claims on the merits,

---

[3]To qualify as an "adequate" procedural ground, a state rule must be "firmly established and regularly followed." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011).

Petitioner failed to timely file the record in his appeal and the Arkansas Supreme Court denied his request to file the record belatedly, without reaching the merits of his claims.[4]

The Arkansas Supreme Court repeatedly has held that it is the responsibility of the litigant appealing the denial of post-conviction relief – even if incarcerated and proceeding without counsel – to comply with its rules for filing the record in a timely and procedurally correct manner. *See Day v. Hobbs*, 2014 Ark. 189, *3 ("[A]ppeals from postconviction orders are frequently lodged in this court by incarcerated persons. Those appeals are perfected by persons who also may be assumed to face certain hurdles occasioned by their incarceration, indicating that the procedural rules governing appeals are not unduly burdensome. We have made it abundantly clear that we expect compliance with the rules of this court so that appeals will proceed as expeditiously as possible."). In addition, the Eighth Circuit Court of Appeals has found that Arkansas's procedural rules governing the filing of the appellate record are

---

[4]Petitioner contends that no procedural bar exists because the state trial court ruled on the merits of his claims. *Doc. 17*, at 9. The law is clear that a prisoner procedurally defaults his claims where, as here, he fails to timely and properly appeal the trial court's denial of state post-conviction relief. *See Coleman*, 501 U.S. at 727, 749-51 (petitioner procedurally defaulted federal claims by failing to timely appeal the denial of state collateral relief); *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (petitioner failed to present his claims "at each step of the judicial process" for state post-conviction review); *Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010) (petitioner failed to advance claim in his state post-conviction appeal, and default was not cured by his attempt to raise the claim in a procedurally incorrect motion).

reasonable and adequate to bar federal habeas review and that their general application does not violate due process. *Lovell v. Norris*, 198 F.3d 674, 676-79 (8th Cir. 1999).

The chronology of the state court proceedings makes it clear that, approximately two weeks before expiration of the ninety-day period for filing the record on appeal, the circuit clerk informed Petitioner that he needed to make arrangements to pick up the record. Petitioner did not make timely arrangements to do so, did not attempt to file a partial record with the Arkansas Supreme Court, and did not seek an extension of time to lodge the record.[5] In addition, there is no evidence that Petitioner inquired about the status of the record or his *in forma pauperis* affidavit at any point during the ninety-day period.

By failing to comply with Arkansas's rules for presenting his claims in a timely and procedurally correct manner, Petitioner deprived the state's highest court of the opportunity to review the issues he is now raising in this habeas action. Thus, all of his claims are procedurally defaulted.

Petitioner argues that his default should be excused because he was acting *pro se* in his state post-conviction proceedings. *Doc. 5*, at 16. Generally, *pro se* status and

---

[5]*See* Ark. R. App. P.-Crim. 4(b), (c) & (e); *Young v. Hobbs*, 2011 WL 7164448, at *15-*16 & nn. 21, 26 (E.D. Ark. Dec. 13, 2011), *report and recommendation adopted by* 2012 WL 394324 (E.D. Ark. Feb. 7, 2012) (explaining Arkansas's procedures for filing the record on appeal, seeking extension of time for filing the record, and lodging a partial record in the event the full record cannot be timely tendered).

any unfamiliarity with the law or procedural matters do not constitute "cause" sufficient to overcome a habeas petitioner's procedural default.[6] *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). The Court recognizes that, in some circumstances, the absence or ineffective assistance of counsel during state post-conviction proceedings can constitute cause to excuse the default of claims that a petitioner's trial counsel was ineffective. *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). However, *Martinez* and its progeny apply only to defaults that occur in the *initial* post-conviction proceeding and provide "no support ... for the contention that the failure to preserve claims *on appeal from a post-conviction proceeding* can constitute cause." *Arnold*, 675 F.3d at 1087 (emphasis added) (*Martinez* not applicable to excuse default of ineffective-assistance claims that were litigated in initial-review post-conviction proceedings, but not preserved in the post-conviction appeal); *see Martinez*, 132 S. Ct. at 1320 (its holding did not extend to defaults that occurred in other kinds of proceedings, "including appeals from initial-review collateral

---

[6]Cause requires a showing of some objective factor, external to the petitioner's defense and not fairly attributable to him, impeding him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991). Petitioner does not allege actual innocence as is necessary to invoke the "fundamental miscarriage of justice" exception to the cause-prejudice requirement. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (where constitutional violation "has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default").

proceedings"). In this case, Petitioner defaulted all of his claims by failing to perfect his *appeal* of the trial court's denial of post-conviction relief.

Accordingly, all of Petitioner's habeas claims are procedurally defaulted and should be dismissed.

### III. Conclusion

IT IS THEREFORE ORDERED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Docs. 2 & 5*, is DENIED and this case is DISMISSED, WITH PREJUDICE.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.[7]

DATED this 19th day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[7]*See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).